Superior Court of the District of Columbia
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Charles Gormley, as Personal Representative for the Estate
of Edgar R. Cifuentes Lopez, Deceased
~~960 Randolph Street, NW, Apt 100~~
Washington, DC 20011
Plaintiff

vs.

Case Number 2026-CAB-005337

Ritesh Matta
~~117 Morse ST NE, Unit #1~~
Washington, DC, 20002
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stephen M. Gensemer, Esq./DC Bar No. 497977
Name of Plaintiff's Attorney

Ashcraft & Gerel
8403 Colesville Road, Suite 1250
Address

Silver Spring, MD 20910

301-770-3737
Telephone

Clerk of the Court

By: Deputy Clerk

Date: 8/10/2026

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, <u>*DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*</u>

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **CHARLES F. GORMLY, as Personal Representative of the Estate of EDGAR R CIFUENTES LOPEZ, Deceased,**<br>**960 Randolph St NW Apt. 103**<br>**Washington, DC 20011**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**1111 V Street LLC**<br>**41649 White yarrow Ct**<br>**Ashburn, Virginia 20148**<br><br>**and**<br><br>**Bel Engineering, LLC**<br>**1901 N Beauregard St, Suite 600**<br>**Alexandria, VA 22311**<br><br>**and**<br><br>**Ritesh Matta**<br>**117 Morse ST NE, Unit #1**<br>**Washington, DC, 20002**<br><br>**and**<br><br>**Wondwosen Belay Ali**<br>**6318 Halsted Avenue,**<br>**Capitol Heights, Maryland, 20748**<br><br>**Defendants.** | ) | 2026-CAB-005557<br>**Case No.:**<br>**Judge:** |

**COMPLAINT**

Plaintiff Charles F. Gormly, as Personal Representative of the Estate of Edgar Rosendo Cifuentes Lopez, Deceased, by his undersigned attorney, files this Complaint and Jury Demand against Defendants 1111 V Street LLC and Bel Engineering, LCC and alleges as follows:

**JURISDICTION**

1. Plaintiff is an adult citizen of the District of Columbia, currently residing at 960 Randolph Street NW, Apt. 103, Washington D.C. 20011.

2. Plaintiff brings this action as the personal representative of the Estate of Edgar Rosendo Cifuentes Lopez, Deceased. On November 4, 2025, Plaintiff was appointed as the personal representative of the Estate of Edgar Rosendo Cifuentes Lopez by the D.C. Superior Court Probate Division. **(Attached hereto is Exhibit A – Letters of Administration)**

3. At all times relevant to this Complaint, Edgar Cifuentes was an adult citizen of the District of Columbia residing at 960 Randolph Street NW, Apt. 103, Washington D.C. 20011. Edgar Cifuentes is survived by estate beneficiaries, spouse Melva Azucena Bonilla Araujo, and upon information and belief, by his minor child, LC.

4. Jurisdiction is vested in the Court under D.C. Code § 11-921.

5. This Court has personal jurisdiction over Defendant 1111 V Street LLC pursuant to D.C. Code § 13-423(a)(1) because it transacts business in the District of Columbia; D.C. Code § 13-423(a)(2) because it contracts to supply services in the District of Columbia; and D.C. Code § 13-423(a)(3) because through its employee and/or agent it caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

6. This Court has personal jurisdiction over Defendant Bel Engineering pursuant to D.C. Code § 13-423(a)(1) because it transacts business in the District of Columbia; D.C. Code § 13-423(a)(2) because it contracts to supply services in the District of Columbia; and D.C. Code § 13-

423(a)(3) because through its employee and/or agent it caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

7. This Court has personal jurisdiction over Defendant Ritesh Matta pursuant to D.C. Code § 13-423(a)(1) because he transacts business in the District of Columbia; D.C. Code § 13-423(a)(2) because he contracts to supply services in the District of Columbia; and D.C. Code § 13-423(a)(3) because he caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

8. This Court has personal jurisdiction over Defendant Wondwosen Belay Ali pursuant to D.C. Code § 13-423(a)(1) because he transacts business in the District of Columbia; D.C. Code § 13-423(a)(2) because he contracts to supply services in the District of Columbia; and D.C. Code § 13-423(a)(3) because he caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

9. The events that give rise to this action took place in the District of Columbia, where venue is proper.

10. The amount in controversy exceeds the jurisdictional minimum.

**PARTIES**

11. Plaintiff is the surviving spouse of Edgar Rosendo Cifuentes Lopez, Deceased, and is the duly appointed Personal Representative of the Estate of Edgar Rosendo Cifuentes Lopez. Letters of Administration were issued by the Superior Court of the District of Columbia on November 4, 2025, in Case No. 2025 ADM 001183, appointing Charles F. Gormly as Personal Representative of the Estate.

12. Edgar Rosendo Cifuentes Lopez, Deceased, was a resident of the District of Columbia at the time of his death on December 23, 2024.

13. Upon information and belief, Defendant 1111 V Street, LLC is a business entity organized under the laws of the State of Delaware with its principal place of business at 41649 White Yarrow Ct, Ashburn, Virginia 20148.

14. Upon information and belief, Defendant Bel Engineering, LLC is a business entity organized under the laws of the State of Maryland with an address of 4542 Beech Road, Temple Hills, Maryland, 20748.

15. Upon information and belief, Defendant Ritesh Matta is a resident of the District of Columbia residing at 117 Morse St. NE, Unit #1, Washington DC, 20002.

16. Upon information and belief, Defendant Wondwosen Belay Ali is a resident of the State of Maryland residing at 6318 Halsted Avenue, Capitol Heights, Maryland, 20748.

## FACTUAL ALLEGATIONS

17. This case arises from a preventable, fatal construction site collapse on Monday, December 23, 2024, at 1111/1113 V Street NW, Washington, D.C., which resulted in the death of 36-year-old laborer Edgar Rosendo Cifuentes Lopez.

18. The construction project involved razing two existing brick row homes at 1111 and 1113 V Street NW to construct a new, five-story multifamily residential building consisting of five to six dwelling units and a cellar.

19. The District of Columbia Department of Buildings (DOB) issued Raze Permit No. R2200174 for 1111 V Street NW and Raze Permit No. R2200173 for 1113 V Street NW on August 18, 2023. DOB subsequently issued Building Permit No. B2303360 on June 24, 2024.

20. Defendant 1111 V Street LLC, through its managing member Defendant Ritesh Matta, acted as the owner-builder and general contractor for the project, retaining direct control over the safety, sequencing, methods, and daily operations of the worksite.

21. Defendant Bel Engineering, LLC, by and through its principal structural engineer, Defendant Wondwosen B. Ali, designed the structural plans and served as the Structural Engineer of Record, tasked with ensuring structural stability and safe excavation/demolition sequencing.

22. Defendant Matta, on behalf of 1111 V Street LLC, contracted with subcontractor AN Concrete & Much More LLC (Edgar's immediate employer) to perform general construction labor on the site.

23. Prior to the incident, Defendant Matta explicitly assured the management and crew of AN Concrete & Much More LLC that the worksite conditions were completely safe for their operations.

24. On the morning of December 23, 2024, despite severe ongoing structural hazards on the site, Edgar Rosendo Cifuentes Lopez was instructed to manually level soil at the rear of the property in preparation for an upcoming private outdoor dinner event to be hosted at the residence.

25. At approximately 9:30 a.m., while Edgar was working in the excavation zone and speaking with his co-worker, Jefferson Portillo, they suddenly heard a distinct, loud sound indicating that a structure was tearing or falling apart.

26. Instantly, a massive structural partial failure occurred, causing the rear masonry brick wall of 1113 V Street NW to collapse directly onto Edgar Rosendo Cifuentes Lopez.

27. At approximately 10:05 a.m., D.C. Fire and Emergency Medical Services (DC FEMS) and the Metropolitan Police Department (MPD) arrived on the scene. Emergency personnel located Edgar buried "waist deep" in heavy brick and masonry debris.

28. Due to the catastrophic nature of the collapse, DC FEMS determined that Edgar had already succumbed to his injuries, converting the operation from a rescue mission to a body recovery mission.

29. Edgar Rosendo Cifuentes Lopez was pronounced dead at the scene at 10:12 a.m.. The official death certificate concludes that his cause of death was a Blunt Head Injury and Traumatic Asphyxia, with a conscious suffering interval lasting for "minutes" before expiration.

30. Following the disaster, the DOB declared the entire site immediately unsafe, issued emergency danger placards for 1111 and 1113 V Street NW, and hit the owner with a strict Stop Work Order for creating highly perilous, non-compliant conditions.

31. Official investigations conducted by the DOB and engineering forensics exposed widespread, egregious negligence and violations of accepted industry standard of care and safety regulations, including:

a. The dog-legged portion of the exterior brick wall at 1113 V Street NW was severely over-excavated, leaving it completely unsupported.
b. Demolition, underpinning, excavation, and foundation work were performed concurrently and out of proper safety sequencing.
c. No temporary wall supports, sheeting, or structural shoring were implemented for the deep excavation.
d. No 3D structural monitoring devices or systems were installed to provide early warnings of wall movement or shifting.
e. Heavy excavator equipment was operated directly adjacent to the compromised wall, introducing severe, destructive structural vibrations.
f. Structural foundations and old brick/mortar footings were left dangerously exposed to moisture and freeze/thaw cycles without protection.

32. The DOB further found an absolute failure of professional communication between the General Contractor (Defendants 1111 V Street LLC / Matta) and the Structural Engineer of Record (Defendants Bel Engineering / Ali).

33. The engineering drawings prepared by Defendants Bel Engineering and Ali improperly indicated vertical excavation immediately adjacent to the foundation of 1113 V Street without indicating or instructing when and how sheeting, shoring, or temporary structural bracing was to be provided. Furthermore, their plans failed to establish a safe, clear sequence for how the neighboring building at 1111 V Street was to be removed.

34. At all times relevant, Edgar Rosendo Cifuentes Lopez was exercising ordinary care for his own safety and did nothing to contribute to the structural collapse.

**COUNT I**
**Wrongful Death – Negligence and Negligence Per Se**
*(Defendants 1111 V Street LLC and Ritesh Matta)*

35. Plaintiff adopts and incorporates all preceding paragraphs by reference.

36. Plaintiff brings this claim for Wrongful Death against Defendants 1111 V Street LLC and Ritesh Matta, in his personal capacity, pursuant to D.C. Code § 16-2701 et seq..

37. As the property owners, builders, and general contractors exercising control over the worksite, Defendants 1111 V Street LLC and Ritesh Matta owed a non-delegable duty to all workers and invitees, including Edgar Rosendo Cifuentes Lopez, to maintain the premises in a reasonably safe condition, to provide satisfactory operational oversight, and to ensure compliance with applicable safety codes.

38. Defendants 1111 V Street LLC and Ritesh Matta breached their duties by, among other things:

a. Ordering and performing deep, dangerous excavation immediately adjacent to a load-bearing brick masonry wall without shoring, bracing, or structural underpinning.
b. Over-excavating the dog-legged section of the exterior wall at 1113 V Street NW.
c. Failing to provide or install 3D structural monitoring devices or early-warning equipment.
d. Negligently sequencing demolition and excavation work concurrently, and introducing dangerous heavy-machinery vibrations next to unbraced, deteriorating masonry.
e. Affirmatively misleading workers by falsely stating the site was safe, and ordering a helper to level soil inside a hazardous, un-shored trench.
f. Failing to properly communicate or coordinate safety protocols with the Structural Engineer of Record.

39. The conduct of Defendants 1111 V Street LLC and Ritesh Matta violated federal OSHA regulations (including 29 CFR 1926 and 29 CFR 1910) and Chapter 17, Section 1705 of the

D.C. Building Code, which strictly govern excavation safety, shoring, and protective systems. These statutory and regulatory violations constitute negligence per se under District of Columbia law.

40. As a direct and proximate result of the breaches, negligence, and statutory violations of Defendants 1111 V Street LLC and Ritesh Matta, the masonry wall collapsed, killing Edgar Rosendo Cifuentes Lopez.

41. Consequently, his surviving statutory beneficiaries (his spouse, minor daughter, and parents) have suffered catastrophic and permanent pecuniary losses, including the loss of financial support, services, care, guidance, education, personal advice, and contributions, and have incurred substantial burial and funeral expenses.

**WHEREFORE**, Plaintiff Charles F. Gormly, as Personal Representative of the Estate of Edgar Rosendo Cifuentes Lopez, Deceased, demands judgment against Defendants 1111 V Street LLC and Ritesh Matta, jointly and severally, for compensatory and punitive damages in the amount of FIFTY MILLION ($50,000,000.00) together with interest, costs of suit, and any further relief this Court deems proper.

**COUNT II**
**Survival Action – Negligence and Negligence Per Se**
*(Defendants 1111 V Street LLC and Ritesh Matta)*

42. Plaintiff adopts and incorporates all preceding paragraphs by reference.

43. Plaintiff brings this Survival Action against Defendants 1111 V Street LLC and Ritesh Matta pursuant to D.C. Code § 12-101 on behalf of the decedent's estate.

44. Defendants 1111 V Street LLC and Ritesh Matta owed a duty to maintain the property up to code, to provide full warnings of hidden structural dangers, and to avoid exposing Edgar Rosendo Cifuentes Lopez to inherently dangerous conditions without protective structural bracing.

45. Defendants 1111 V Street LLC and Ritesh Matta breached their duties as detailed extensively in Count I, directly causing the crushing collapse of the rear masonry wall.

46. As a direct, foreseeable, and proximate result of Defendants' negligent acts, omissions, and regulatory violations, Edgar Rosendo Cifuentes Lopez suffered severe, horrific physical injuries, depressed fractures, conscious pain and suffering, profound mental anguish, and traumatic asphyxia lasting several minutes between the initial impact and his death.

47. The Estate further suffered future lost income, lost accumulated earnings, loss of earning capacity, and immediate funeral expenses of $5,700.00.

48. In carrying out these reckless, non-compliant acts, and ordering a laborer into an unsafe, over-excavated zone while falsely promising it was safe, Defendants acted with a willful and conscious disregard for human rights and safety, entitling the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff Charles F. Gormly, as Personal Representative of the Estate of Edgar Rosendo Cifuentes Lopez, Deceased, demands judgment against Defendants 1111 V Street LLC and Ritesh Matta, jointly and severally, for compensatory and punitive damages in the amount of FIFTY MILLION ($50,000,000.00) together with interest, costs of suit, and any further relief this Court deems proper.

**COUNT III**
**Wrongful Death – Professional Negligence**
*(Defendants Bel Engineering, LLC and Wondwosen B. Ali)*

49. Plaintiff adopts and incorporates all preceding paragraphs by reference.

50. Plaintiff brings this claim for Wrongful Death against Defendants Bel Engineering, LLC and Wondwosen B. Ali, PE, PhD, pursuant to D.C. Code § 16-2701 et seq..

51. As the professional structural engineering firm and the specific Structural Engineer of Record (SER) for the project, Defendants Bel Engineering, LLC and Wondwosen B. Ali owed a duty of care to perform their engineering services in accordance with the accepted professional standards, norms, and local regulations governing structural engineering and construction site safety. This included a duty to design safe excavation and demolition sequences, prescribe structural shoring and

bracing where foundations were endangered, and maintain open, effective communication regarding structural hazards.

52. Defendants Bel Engineering, LLC and Wondwosen B. Ali breached their professional duties by:

a. Preparing shoring and construction drawings that authorized vertical excavation immediately adjacent to the foundation of 1113 V Street NW, while completely failing to include instructions or specifications for temporary sheeting, shoring, or wall support systems.
b. Failing to include explicit, safe instructions in their drawings for how and when the neighboring building at 1111 V Street was to be removed as part of the demolition sequence.
c. Permitting overlapping, concurrent demolition, underpinning, and excavation procedures that created highly unstable, fluctuating structural loads.
d. Failing to maintain effective, clear communication with the general contractor or demand clarity regarding the implementation of 3D monitoring and wall stabilization.

53. The professional failures of Defendants Bel Engineering, LLC and Wondwosen B. Ali failed to align with Chapter 17 of the D.C. Building Code and federal safety regulations, constituting professional negligence and negligence per se.

54. As a direct and proximate result of the professional negligence of Defendants Bel Engineering, LLC and Wondwosen B. Ali, the structural wall of 1113 V Street NW was left completely unprotected and collapsed, directly causing the death of Edgar Rosendo Cifuentes Lopez.

55. As a result of Edgar's death, his statutory beneficiaries have suffered permanent, severe financial and pecuniary losses, and the loss of his support, care, and guidance, as detailed herein.

**WHEREFORE**, Plaintiff Charles F. Gormly, as Personal Representative of the Estate of Edgar Rosendo Cifuentes Lopez, Deceased, demands judgment against Defendants Bel Engineering, LLC and Wondwosen B. Ali, PE, PhD, jointly and severally, for compensatory and punitive damages in the amount of FIFTY MILLION ($50,000,000.00) together with interest, costs of suit, and any further relief this Court deems proper.

**COUNT IV**
**Survival Action – Professional Negligence**
*(Defendants Bel Engineering, LLC and Wondwosen B. Ali, PE, PhD)*

56. Plaintiff adopts and incorporates all preceding paragraphs by reference.

57. Plaintiff brings this Survival Action against Defendants Bel Engineering, LLC and Wondwosen B. Ali, pursuant to D.C. Code § 12-101 on behalf of the decedent's estate.

58. Defendants Bel Engineering, LLC and Wondwosen B. Ali, owed a professional duty to ensure that their designs and oversight provided a standard of care that kept the structural elements of the construction project stable and safe for individuals working on the property.

59. Defendants breached their duties as described in Count III, failing to implement proper shoring guidelines, temporary wall supports, and structural monitoring requirements in their approved construction documents.

60. As a direct, foreseeable, and proximate result of the engineering defendants' professional negligence, the rear masonry wall collapsed, causing Edgar Rosendo Cifuentes Lopez to suffer severe physical crushing injuries, blunt head trauma, and conscious, terrifying pre-death suffering and traumatic asphyxia for a period of minutes before his death.

61. The Estate has suffered massive economic damages, including future lost earnings, loss of earning capacity, and associated expenses to be proven at trial.

62. In preparing deficient plans, allowing dangerous overlapping procedures, and failing to provide critical instructions for the protection of an adjoining wall foundation, Defendants acted in willful disregard for the safety of those working on the site, entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff Charles F. Gormly, as Personal Representative of the Estate of Edgar Rosendo Cifuentes Lopez, Deceased, demands judgment against Defendants Bel Engineering, LLC and Wondwosen B. Ali, jointly and severally, for compensatory and punitive damages in the

amount of FIFTY MILLION ($50,000,000.00) together with interest, costs of suit, and any further relief this Court deems proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

ASHCRAFT & GEREL, LLP

/s/Stephen M. Gensemer/s/

Stephen M. Gensemer
DC Bar# 497977
8403 Colesville Road, Suite 1250
Silver Spring, Maryland 20910
(301)770-3737 Office
(240)764-4418 Fax
sgensemer@ashcraftlaw.com
Counsel for Plaintiff

ANDREW J. MOAK, *pro hac vice to be filed*
WILL LATTIMORE, *pro hac vice to be filed*
JAKE NORWOOD, *pro hac vice to be filed*
TURNBULL, MOAK & PENDERGRASS, P.C.
2501 Twentieth Place South, Suite 425
Birmingham, Alabama 35223
Phone: (205) 831-5040
Fax: (205) 848-6300
bturnbull@turnbullfirm.com
amoak@turnbullfirm.com
wlattimore@turnbullfirm.com
jnorwood@turnbullfirm.com

*Attorneys for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Charles Gormley, as Personal Representative for the Estate of Edgar R. Cifuentes Lopez, Deceased
960 Randolph Street, NW , Apt.103
Washington, DC 20011
Plaintiff(s)

Case Number: 2026cab005557

vs

Date: ______

1111 V Street,LLC
Bel Engineering, LLC
~~Ritesh Motta~~
Wondwosen Belay Ali
Defendant(s)

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Stephen M. Gensemer, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name: Ashcraft & Gerel, LLP | ☑ Attorney for Plaintiff |
| Telephone No.: (301) 770-3737 DC Bar No.: 497977 | ☐ Self (Pro Se) ☐ Other: ______ |

TYPE OF CASE: ☐ Non-Jury ☑ 6 Person Jury ☐ 12 Person Jury
Demand: $ 50,000,000.00 Other: ______

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: ______ Judge: ______ Calendar #: ______
Case No.: ______ Judge: ______ Calendar #: ______

NATURE OF SUIT: *(Check One Box Only)*

**CONTRACT**
☐ Breach of Contract
☐ Breach of Warranty
☐ Condo/Homeowner Assn. Fees
☐ Contract Enforcement
☐ Negotiable Instrument

**COLLECTION/INS. SUB**
☐ Debt Collection
☐ Insurance Subrogation
☐ Motion/Application for Judgment by Confession
☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
☐ Breach of Contract
☐ Discrimination
☐ Wage Claim
☐ Whistle Blower
☐ Wrongful Termination

**REAL PROPERTY**
☐ Condo/Homeowner Assn. Foreclosure
☐ Declaratory Judgment
☐ Drug Related Nuisance Abatement
☐ Ejectment
☐ Eminent Domain
☐ Interpleader
☐ Other
☐ Quiet Title
☐ Specific Performance

☐ **FRIENDLY SUIT**
☐ **HOUSING CODE REGULATIONS**
☐ **QUI TAM**
☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
☐ Administrative Search Warrant
☐ App. for Entry of Jgt. Defaulted Compensation Benefits
☐ Enter Administrative Order as Judgment
☐ Libel of Information
☐ Master Meter
☐ Petition Other
☐ Release Mechanics Lien
☐ Request for Subpoena

**MALPRACTICE**
☐ Medical – Other
☐ Wrongful Death

**AGENCY APPEAL**
☐ Dangerous Animal Determination
☐ DCPS Residency Appeal
☐ Merit Personnel Act (OEA)
☐ Merit Personnel Act (OHR)
☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☒ Personal Injury
- ☐ Toxic Mass
- ☒ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil
- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

/s/Stephen M. Gensemer/s/ , # 497977 — Filer/Attorney's Signature

8/7/2026 — Date

**Superior Court of the District of Columbia**
**Probate Division**
**515 5th Street, NW, 3rd Floor, Washington, D.C. 20001**
**202-879-9460 - https://www.dccourts.gov**

Administration Number: 2025-ADM-001183

# LETTERS OF ADMINISTRATION

To all persons who may be interested in the Estate of

**EDGAR ROSENDO CIFUENTES LOPEZ**, deceased:

Administration of the Estate of the deceased has been granted on **11/04/2025**

to **CHARLES F GORMLY, Personal Representative**

(and the will of the deceased was probated on ____________________).

the administration ☐ is ☒ is not subject to the continuing supervision of the Court

The powers of the personal representative ☒ are not limited ☐ are limited as follows:

The appointment is in full force and effect as of this date.

**WITNESS:**

DATE: **11/6/2025**

[signature]
Register of Wills
Clerk of the Probate Division

**NOTE: Document Invalid Without Embossed Court Seal**

**Superior Court of the District of Columbia**
**Probate Division**
**515 5th Street, NW, 3rd Floor, Washington, D.C. 20001**
**202-879-9460 - https://www.dccourts.gov**

Administration Number: 2025-ADM-001183

# LETTERS OF ADMINISTRATION

To all persons who may be interested in the Estate of

**EDGAR ROSENDO CIFUENTES LOPEZ**, deceased:

Administration of the Estate of the deceased has been granted on **11/04/2025**

to **CHARLES F GORMLY, Personal Representative**

(and the will of the deceased was probated on ____________).

the administration ☐ is ☒ is not subject to the continuing supervision of the Court

The powers of the personal representative ☒ are not limited ☐ are limited as follows:

The appointment is in full force and effect as of this date.

**WITNESS:**

DATE: **11/6/2025**

Register of Wills
Clerk of the Probate Division

**NOTE: Document Invalid Without Embossed Court Seal**

**Superior Court of the District of Columbia**
**Probate Division**
**515 5th Street, NW, 3rd Floor, Washington, D.C. 20001**
**202-879-9460 - https://www.dccourts.gov**

Administration Number: 2025-ADM-001183

# LETTERS OF ADMINISTRATION

To all persons who may be interested in the Estate of

**EDGAR ROSENDO CIFUENTES LOPEZ**, deceased:

Administration of the Estate of the deceased has been granted on **11/04/2025**

to **CHARLES F GORMLY, Personal Representative**

(and the will of the deceased was probated on ________________).

the administration ☐ is ☒ is not subject to the continuing supervision of the Court

The powers of the personal representative ☒ are not limited ☐ are limited as follows:

The appointment is in full force and effect as of this date.

**WITNESS:**

DATE: **11/6/2025**

Register of Wills
Clerk of the Probate Division

**NOTE: Document Invalid Without Embossed Court Seal**

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

**Case Number:** 2026-CAB-005557
**Case Style:** Charles F. Gormly, as Personal Represented for the Estate of Edgar R. Cifuentes Lopez, deceased v. 1111 V Street, LLC et al.

**INITIAL ORDER**

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
| --- | --- | --- |
| Friday, 11/06/2026 | 9:30 AM | Remote Courtroom 219 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge James A Crowell. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.
2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.
3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).
4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.
5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.
6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb219

   Meeting ID: 129 315 2924

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.